**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | |
|---|---|
| **RICHARD LEVIN, on behalf of himself and all others similarly situated,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**TREX COMPANY, INC.**<br><br>　　　　　　　　　　**Defendant.** | Case No.: 3:10cv-692-S<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, RICHARD LEVIN, on behalf of himself and all others similarly situated, by and through undersigned counsel, for his complaint against the Defendant, TREX COMPANY, INC., alleges as follows:

### I. NATURE OF THE ACTION

1.　This is a class action against Trex Company, Inc. seeking to recover damages based upon Defendant's breach of the implied warranty of merchantability, breach of express warranty, and violations of the Magnuson-Moss Warranty Act.

### II. PARTIES

2.　The Plaintiff, Richard Levin, is an individual and resident of the City of Louisville, County of Jefferson, Commonwealth of Kentucky.

3.　Defendant, Trex Company, Inc. ("Trex"), is a Delaware corporation with its principal place of business in Winchester, Virginia. Trex has no registered agent in the

Commonwealth of Kentucky. Its registered agent and its principal place of business is Corporation Service Company, 11 S. 12th St., P.O. Box 1463, Richmond, VA 23218-0000.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and it is a class action brought by a citizen of a State that is different from the State where Defendant is incorporated or does business, and pursuant to 28 U.S.C. § 1331 because it brings claims that arise under the laws of the United States.

5. This Court's venue over this action is proper under 28 U.S.C. § 1391(a)(2) because the events or omissions giving rise to the claims asserted herein occurred in this district.

## IV. CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following Class:

> All original residential purchasers in the Commonwealth of Kentucky who purchased Trex composite decking and railing products from August 1, 2004, through the date of entry of judgment (the "Class").

Excluded from the Class are:

A. The Defendant;

B. Any officer, director, agent, servant, or employee of the Defendant and his or her immediate family;

C. Any parent, subsidiary or affiliate of the Defendant;

    D. Any judge or judicial officer assigned to this matter and his or her immediate family; and

    E. Any legal representative, successor, or assign of any excluded persons or entities.

7. Plaintiff's claims are made on behalf of himself and all others similarly-situated under Rule 23 of the Federal Rules of Civil Procedure.

8. Plaintiff does not know the exact size of the Class, however, the number of Class members is so large that joinder of all members is impracticable.

9. There are questions of law and fact common to the Class, as set forth more particularly below.

10. Plaintiff is a member of the Class, and his claims are typical of the claims of Class members, generally. Plaintiff's claims arise from the same conduct giving rise to the claims of the Class, and the relief that Plaintiff seeks is common to the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by competent counsel who are experienced in the prosecution of class action litigation. Plaintiff's interests coincide with, and are not antagonistic to, those of the Class.

12. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Predominating common questions include, without limitation, the following:

    A. Whether Trex made an express warranty;

    B. Whether Trex violated an express warranty;

    C. Whether Trex disclaimed the implied warranty of merchantability;

    D. Whether Trex violated the implied warranty of merchantability;

    E. Whether Trex violated the Magnuson-Moss Warranty Act; and

    F. The amount of any damages to which the Plaintiff and Class are entitled in this action.

13. Absent class treatment, Plaintiff and Class members are unlikely to receive damages or other relief from the Defendant's unlawful and wrongful conduct. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Without a class action, individual Class members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights.

14. The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these claims.

15. Class certification is appropriate under Rule 23(b)(3) because common issues of law and fact predominate over individual issues, and class certification is a superior method of resolving the claims of the Class.

## V. FACTUAL ALLEGATIONS

16. According to Defendant Trex Company Inc.'s own company website, [http://investor.trex.com/phoenix.zhtml?c=86979&p=irol-irhome](http://investor.trex.com/phoenix.zhtml?c=86979&p=irol-irhome), Trex Company, Inc. is the largest manufacturer of wood-alternative decking, railing, and fencing products in the United States.

17. Trex Company, Inc. specializes in the manufacture of composite decking and railing products from recycled materials.

18. Plaintiff used and installed Trex Company, Inc. decking and railing products to construct a deck attached to his residence in Louisville, Kentucky.

19. Trex Company, Inc. issues a Warranty of the material to original residential purchasers, a copy of which is attached as Exhibit A, which explicitly extends to future performance of the decking and railing products and provides that the period of the Warranty is twenty-five (25) years from the date of original purchase.

20. Shortly after installation of the Trex decking and railing products, discoloration began to appear on the products. Plaintiff unsuccessfully attempted to treat the discoloration following instructions on the Trex website.

21. After attempting to remove the discoloration from the products, Plaintiff contacted Trex and requested that a representative inspect the product. Trex never sent a representative.

22. Plaintiff then notified Trex of the problem in writing through Trex Concern Packet TX-57407. Trex refused to honor the warranty claim by Plaintiff.

23. The discoloration stems from a defect in the decking and railing products manufactured by Trex.

24. Trex was aware of the defects in its products.

25. In 2000, a nationwide class-action lawsuit was filed relating to defective Trex products. 2In the lawsuit, *Kanefsky v. Trex Company, Inc.*, plaintiffs alleged, *inter alia*, that Trex had breached implied or express warranties.

26. The court certified settlement classes and granted relief in favor of plaintiffs for the period between January 1, 1992 and July 31, 2004.

27. Since the resolution of that class action suit, problems with Trex products have persisted.

28. There are numerous allegations and reports pertaining to the ongoing problems and complaints relating to discoloration of Trex decking and railing products.

29. Discovery of the breach of the express warranty could not occur until such time as the goods failed to perform at the warranted quality.

30. It was not until after purchase and installation that the defects in the decking and railing products became discoverable.

### VII.   COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31. Plaintiff incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

32. The Trex decking and railing products were not in a condition which would pass without objection in the trade under the contract description, of fair average quality within the description, or fit for the ordinary purpose for which such goods are used. As such, the Trex decking and railing products were not merchantable as required under Ky. Rev. Stat. § 355.2-314.

33. The Warranty attempts to disclaim implied warranties. The disclaimer neither applies to the implied warranty of merchantability nor does it comply with Ky. Rev. Stat. § 355.2-316 for exclusion of the implied warranty of merchantability.

34. Trex makes the "original residential purchaser" a party to any sales contract through the Warranty.

35. As a result of the discoloration, Plaintiff and Class members have been damaged by not receiving the value of the decking and railing as warranted and, further, have been damaged by a resulting decline in the value of their property.

### VIII.  COUNT II – BREACH OF EXPRESS WARRANTY

36. Plaintiff incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

37. Trex provided a written warranty directly to the "original residential purchaser." The Trex Warranty to Plaintiff and all other members of the Class provides, in part, for a twenty-five (25) year warranty by Trex. That warranty provided that "Trex decking and railing products shall be free from material defects in workmanship and materials, and shall not check, split, splinter, rot or suffer structural damage from termites or fungal decay." The products purchased by Plaintiff and Class members did not comply with the Warranty and have suffered from material defects resulting in unsightly discoloration.

38. Plaintiff contacted the manufacturer and complied with the requisite procedure for a warranty claim. Trex denied coverage to Plaintiff of his valid claim under the Warranty.

39. Plaintiff and the Class members, in choosing Trex composite decking, relied upon representations and the Warranty produced by Trex.

40. The defects in the products and materials have resulted in damage to the Plaintiff and Class members by not receiving the value of the decking and railing,

as warranted, and by a resulting decline in the value of their respective property.

## IX. COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

41. Plaintiff incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

42. The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, provides a cause of action for breach of warranty. Trex both gave and offered to give a written warranty to Plaintiff and Class members in conjunction with the purchase of decking and railing products. The decking and railing products are tangible personal property distributed in commerce and which are normally used for personal, family, or household purposes. The Warranty is a written promise made in connection with the sale of the decking and railing products by Trex.

43. Plaintiff and Class members were damaged by the failure of Trex to comply with the Warranty, by not receiving the value of the decking and railing, as warranted, and by a resulting decline in the value of their property.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand judgment against Defendant, as follows:

    a. An order certifying the Class as set forth herein, appointing Plaintiff as Class Representative, and appointing undersigned counsel as counsel for the Class;

    b. Economic and compensatory damages in amounts to be determined at trial;

    c. Treble and punitive damages;

      d.      Attorneys' fees and costs; and

      e.      Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

## XI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

Dated: November 10, 2010

Respectfully submitted,

*/s/ Mark K. Gray*
Mark K. Gray
Matthew L. White
Doris A. Kim
FRANKLIN GRAY & WHITE
505 W. Ormsby Avenue
Louisville, Kentucky 40203
Telephone (502) 637-6000
Facsimile (502) 637-1413
mgray@franklingrayandwhite.com
mwhite@franklingrayandwhite.com
dkim@franklingrayandwhite.com

*Admitted Pending Pro Hac Vice*
Richard E. Shevitz
Vess A. Miller
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone (317) 636-6481
Facsimile (317) 636-2593
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com