UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD LEVIN, *on behalf of himself*
*and all others similarly situated*                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:10-cv-692-CRS

TREX COMPANY, INC.                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, Trex Company, Inc. ("Defendant") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (DN 31). The plaintiff, Richard Levin ("Plaintiff") has filed a response (DN 33) and Defendant has replied (DN 34), making the matter now ripe for adjudication. For the following reasons, the motion will be granted in part and denied in part.

The standard of review for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). When a motion to dismiss is made under Rule 12(b)(6), the court accepts the well-pleaded facts of the complaint as true and construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The complaint may be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan*, 829 F.2d at 12. "The factual allegations in the complaint need to be sufficient to give

notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 772 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)).

Plaintiff purchased and installed Defendant's decking material to build a deck at his home. (DN 27, Plaintiff's First Amended Class Action Complaint at ¶ 2). Plaintiff alleges that "due to a material defect in the design, manufacture and workmanship of the product, [Defendant's] decking exhibits mold and/or dark spotting at extensive and alarming rates, all well beyond what should be occurring with a product meant for the outdoors and well beyond what consumers expected based on [Defendant's] representations and warranties as to the characteristics of its product." *Id*.

Plaintiff's first claim against Defendant is for breach of an implied warrant of merchantability under KRS § 355.2-314. *Id*. at ¶¶ 45-49. Defendant argues that Plaintiff cannot prevail on his breach of implied warranty claim because no privity of contract existed between the parties. (DN 31, Exhibit 1, Defendant's Memorandum in Support of its Motion for Judgment on the Pleadings). Plaintiff concedes that Defendant "sells its products only through distributors and retailers, such as Lowe's and The Home Depot." (DN 27 at ¶ 21). Plaintiff does not allege that privity existed between the parties through a contract for sale, but instead, that privity was created by Defendant's warranty issued directly to the "individual residential homeowners." *Id*.

Kentucky law dictates that a plaintiff asserting "a claim based upon an implied warranty must establish that it enjoyed privity of contract with the defendant-seller against whom the implied warranty claim is asserted." *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. App. 2007) (citing *Compex International Co., Limited v. Taylor*, 209 S.W.3d 462 (Ky. 2006)). In *Brown*, the plaintiff argued that the court should broadly construe the definition of "seller" in

KRS § 355.2-103 and find that a *de facto* privity of contract existed between the plaintiff who purchased the product from a distributor, and the defendant-manufacturer. *Id*. at 240. The Kentucky Court of Appeals rejected the plaintiff's argument and stated,

> Under the relevant provisions of Kentucky's commercial statutes, implied warranty protections are provided by a seller to its buyer. While some other jurisdictions have abolished the privity requirement in implied warranty actions, our legislature has not elected to do so. The General Assembly expressly adopted the privity requirement, and the statute clearly limits warranty protections to those engaged in a buyer-seller relationship.

*Id*. Therefore, we hold that without a direct buyer-seller relationship, Plaintiff's claim for breach of an implied warranty against Defendant fails as a matter of law. Defendant's motion for judgment on the pleadings as to Plaintiff's breach of an implied warranty claim will be granted.

Plaintiff also asserts a claim for breach of an express warranty by Defendant. Defendant provided an express limited warranty with its products which stated that the express warranty runs to "individual residential homeowner" purchasing the product. (DN 27, ¶ 21). The warranty states that "for a period of twenty-five (25) years from the date of original purchase, under normal residential use and service conditions, Trex ® decking and railing product shall be free from material defects in workmanship and materials." *Id*. The warranty further provided, "This warranty gives you specific legal rights, and you may also have other rights that vary from state to state." (DN 1, Exhibit 1, Trex 25 Year Limited Warranty).

Kentucky courts have traditionally interpreted Kentucky statutory language as requiring privity for actions for breach of implied and express warranties. *See Williams v. Fulmer*, 695 S.W.2d 411 (Ky. 1985). The statute cited, KRS § 355.2-318 states:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods

>and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

KRS § 255.2-318. This section adopts section 2-318 of the Uniform Commercial Code. The Official Comment 3 to U.C.C. § 2-318 states that this code section "expressly includes as beneficiaries within its provision the family, household and guests of the purchaser." The Official Comment also explains that "[b]eyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." U.C.C. § 2-318 cmt. 3 (2004).

Several courts in jurisdictions where U.C.C. § 2-318 was adopted have abolished any vertical privity requirement as between a consumer and a manufacturer of a product for breach of warranty claims. *See e.g., Morrow v. New Moon Homes*, 548 P.2d 279, 291-91 (Alaska 1976); *Manheim v. Ford Motor Co.*, 201 So.2d 440 (Fla. 1967); *Groppel Co., Inc. v. U.S. Gypsum Co.*, 616 S.W.2d 49, 58 (Mo.Ct.App. 1981); *Peterson v. N. Am. Plant Breeders*, 354 N.W.2d 625, 631 (Neb. 1984); *Hiles Co. v. Johnston Pump Co.*, 560 P.2d 154, 157 (Nev. 1977); *Spring Motors Distrib., Inc. v. Ford Motor Co.*, 489 A.2d 660, 676 (N.J. 1985); *Old Albany Estates Ltd. v. Highland Carpet Mills, Inc*., 604 P.2d 849, 852 (Okla. 1979); *Spagnol Enters., Inc. v. Digital Equipment Corp.*, 568 A.2d 948, 952 (Pa. 1989); *Dawson v. Canteen Corp*., 212 S.E.2d 82, 82-83 (W.Va. 1975). The Supreme Court of Indiana stated in *Hyundai Motor America, Inc. v. Goodin* that the "rationale [for requiring vertical privity] has eroded to the point of invisibility as applied to many types of consumer goods in today's economy." 822 N.E.2d 947, 958 (Ind. 2005).

Kentucky has declined to entirely abolish the privity requirement for breach of warranty claims. *See Williams*, 695 S.W.2d at 414. However, Kentucky courts have not been faced with facts similar to those here, where the manufacturer has expressly made warranties directly to the intended

consumer of the product. Therefore, we consider how other jurisdictions have dealt with direct representations to consumers. *See Bailey v. V & O Press Co., Inc*., 770 F.2d 601, 604 (1985) (stating that where the state's highest court has not addressed the issue, a federal court may consider decisions from other jurisdictions). As discussed below, many courts, relying on guidance from official commentary from the U.C.C., have held that privity is not required where manufacturers make representations directly to the intended consumers of their products.

U.C.C. § 2-313 establishes claims for breach of express warranties and the Official Comment 2 provides that

> [a]lthough this section is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale, the warranty sections of this Article are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract.

U.C.C. § 2-313 cmt. 2 (2004). One pre-Code case, *Randy Knitwear, Inc. v. American Cyanamid Co.*, held that express warranty actions could be maintained against the manufacturer of a product where the manufacturer made representations about the quality of its product directly to the intended consumers. 226 N.Y.S.2d 363 (1962) (advertising campaign aimed at the end consumers of the product was deemed to be an actionable express warranty). As the Official Comment 2 contemplated, many courts have continued to follow *Randy*, despite the enaction of U.C.C. § 2-313 requiring privity of contract between a buyer and a seller for a breach of express warranty claim. *See e.g., Voytovich v. Bangor Punta Operations, Inc*., 494 F.2d 1208 (6th Cir. 1974); *Seely v. White Motor Co.*, 63 Cal.2d 9 (Cal. 1965); *Milbank Mut. Ins. Co. v. Proksch*, 244 N.W.2d 105 (Minn. 1976); *Whitaker v. Farmhand, Inc.*, 567 P.2d 916 (Mont. 1977); *Ferguson v. Sturm, Ruger & Co., Inc*., 524 F.Supp. 1042 (D. Conn. 1981).

The Kentucky cases cited by Defendant have not dealt with a factual scenario where the manufacturer made any promises or warranties directly to the intended consumer of the product. *See e.g., Compex Intern. Co., Ltd. v. Taylor*, 209 S.W.3d 462 (Ky. 2006); *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237 (Ky. Ct. App. 2008); *Snawder v. Cohen*, 749 F.Supp. 1473 (W.D. Ky. 1990); *In re Air Crash at Lexington, Kentucky*, 2008 WL 2704036 (E.D. Ky. 2008); *Roberts v. Solidead Tire, Inc*., 2007 WL 2990536 (E.D. Ky. 2007). Further, at least one Kentucky court has been willing to allow a breach of warranty action when the parties were not in a direct buyer/seller privity relationship. *See Williams v. Volvo-White*, 2003 WL 22681457 at *3 (Ky. App. Nov. 14, 2003) (holding that a subsequent purchaser could have privity of contract with the defendant seller where agreement existed as to various terms of warranties and an assignment of rights occurred). Therefore, we anticipate that Kentucky courts would hold that an express warranty action could be maintained in this case, where the manufacturer's written warranty expressly stated that its warranty ran directly to the intended consumer, the "individual residential homeowner." *See Gooch v. E.I. Du Point de Nemours & Co.*, 40 F.Supp.2d 863 (W.D. Ky. 1999) (not directly discussing the privity requirement, but applying Kentucky law and permitting an express warranty action by a consumer against a manufacturer where no buyer/seller relationship existed, but the consumer-plaintiff relied on warranties made by the manufacturers on the product's label).

Further, some courts in jurisdictions where buyer/seller privity is required by statute, have held that a plaintiff may still maintain a breach of warranty action against a manufacturer where the plaintiff is a third party beneficiary of a contract between the manufacturer and the distributor. *See e.g., In re Sony Vaio Computer Notebook Trackpad Litigation*, 2010 WL 4262191 at *3 (S.D. Cal. Oct. 28, 2010) (despite general rule requiring privity of contract for a breach of warranty action, "a

plaintiff may maintain an implied warranty claim against a manufacturer when a plaintiff is a third party beneficiary of a contract between the manufacturer, [defendant] and a third party"); *R & L Grain Co. v. Chicago Eastern Corp.*, 531 F. Supp. 201 (N.D. Ill. 1981) (holding that despite privity of contract being a necessary element under Illinois law for a breach of warranty claim, plaintiff was a "third party beneficiary" to the sales contract between distributor and manufacturer and could maintain a breach of warranty action against the manufacturer).

Under Kentucky law, "an actual and direct promise for the benefit of a third party will be sufficient to create privity between the promisor and the third party beneficiary." *Louisville Gas & Elec. Co. v. Continental Field Systems, Inc*., 420 F.Supp.2d 764, 770 (W.D. Ky. 2005).  In the case at hand, Defendant explicitly stated that its warranty ran to the "individual residential homeowner" and could even be transferred by purchasers to a subsequent homeowner.  (DN 27, Exhibit 1).  Defendant's express limited warranty was intended to benefit the residential homeowners and not the distributors who sold Defendant's product.  Thus, Plaintiff's express warranty claim may also be based on Plaintiff's position as the expressly intended beneficiary of the warranty issued by Defendant.  Accordingly, Defendant's motion for judgment on the pleadings as to Plaintiff's breach of express warranty claim will be denied.

Last, Plaintiff asserts a claim of a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2308.  The Magnuson-Moss Act provides that a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with an obligation under this chapter or under a written warranty...may bring suit for damages and other legal and equitable relief."  15 U.S.C. § 2310(d)(1).  Defendant argues that no action under the Magnuson-Moss Warranty Act may be maintained where no state law breach of warranty claims are viable.  (DNs 31, Exhibit 1, 34) (citing

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]he claims under the Magnuson-Moss Act stand or fall with [plaintiff's] express and implied warranty claims under state law."). Because we find that Plaintiff has a viable claim for breach of express warranty under Kentucky law, we will deny Defendant's motion as to Plaintiff's Magnuson-Moss Warranty Act claim.

An order consistent with this opinion will be entered this date.

March 2, 2012

Charles R. Simpson III, Judge
United States District Court